J-S67045-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN LIEBEL :
:
Appellant : No. 2056 EDA 2018

Appeal from the PCRA Order Entered May 28, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002466-1997

BEFORE: OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED MARCH 26, 2019**

John Liebel appeals, *pro se*, from the order entered on May 28, 2018 in the Court of Common Pleas of Bucks County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.* The PCRA court dismissed the petition without a hearing, pursuant to Pa.R.Crim.P. 907, on the grounds that the petition was untimely, meritless and the issue had been waived. By the same order, the PCRA court also denied Liebel's motion for change of venue. In this timely appeal, Liebel argues the PCRA court erred in failing to recognize his claim of governmental interference as a valid exception to the one-year timeliness requirement, and erred in failing to recuse and transfer the petition to another venue. After a

_____

* Retired Senior Judge assigned to the Superior Court.

thorough review of the submissions by the parties, relevant law, and certified record, we affirm.

There is no need for detailing the procedural history of this matter. The parties are well aware of the lengthy history of Liebel's killing of his father, guilty plea, and subsequent efforts to withdraw his plea. We simply state Liebels' father was killed by strangulation and Liebel entered into an open plea to the murder. After a degree of guilt hearing, Liebel was determined to have committed a first-degree murder. Liebel has since attempted to vacate his guilty plea multiple times through direct appeal, PCRA, and the federal courts. This is Liebel's ninth PCRA petition. In it, he claims the government, in the person of former Bucks County Sheriff Donnelly, coerced him into forgoing his claim that he killed his father in response to decades of physical and sexual abuse at the hands of his father. He further claims that he was unable to pursue this defense over the years because of Sheriff Donnelly's ongoing threats to the safety of Liebel's brothers. This threat did not abate until the last of his brothers moved away from Pennsylvania. Liebel contends that he filed this PCRA petition within 60 days of the time the threat to his brothers' physical safety had ended. These assertions are unavailing.

Initially, we note:

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an

- 2 -

after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented.[1] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

**Commonwealth v. Thompson**, ___ A.3d ____, 2018 WL 6166674 (Pa. Super. 11/26/2018) at *2 (citation omitted).

There is no debate here that this, Liebel's ninth petition, is, by years, facially untimely. Liebel seeks to avoid the one year filing requirement by invoking the governmental interference exception.[2] As noted above, Liebel asserts he was unable to invoke a claim of justification in the killing of his father, because the then Bucks County Sheriff was allegedly a friend of the victim and threatened reprisal against Liebel and his siblings if he pursued his claims that his father had sexually and physically abused him.

In denying Liebel's petition, the PCRA court noted the alleged governmental interference did not keep any relevant information from Liebel. Specifically, Liebel possessed all the information he currently seeks to employ for the entirety of the proceedings against him. He could have raised his claim

---

[1] Pursuant to a recent change, petitioners now have one year from the date the claim could have been presented to file a PCRA petition invoking a statutory exception. This rule applies to claims that accrued after December 24, 2017. See 42 Pa.C.S. § 9545(b)(2). This change has no effect on this matter.

[2] See 42 Pa.C.S. § 9545(b)(1), (b)(1)(i)-(iii)

- 3 -

at any time. He did not. Liebel presents no case law that provides a perceived threat of retaliation by a sheriff absolves one from the statutory timeliness requirements of the PCRA.

In addition to the PCRA court's findings, we also note that Liebel's current assertion that an ongoing threat from the Bucks County Sheriff kept him from asserting his defense is belied by a review of the certified record. In his July 17, 2006, PCRA petition, Liebel claimed:

> A: George Liebel, Jr. is petitioner's brother, two years younger, and gave a written statement (see attached) which stated that:
>
> a. His father, the decedent, was a homosexual pedophile who frequently abused his children, physically, mentally and sexually;
>
> b. His older brother John (petitioner) always got the worst of the abuse;
>
> c. His mother was physically abusive, beating him with sticks and branches from their firewood bin;
>
> d. His parents forced him to shower with his brother John when they were as old as eleven and thirteen years of age, and, in the shower, their father took turns raping him and John, depending on which one of them had not been able to leave the shower before their father arrived;
>
> e. His father violently assaulted a 10 or 11-year-old cub scout during a camping trip with the troop from their local parish.

PCRA Petition, Memorandum of Law, 7/17/2006, at ¶ 7A.

Clearly, there was no active, ongoing threat from any governmental official that prevented either Liebel or his brother from asserting his father

- 4 -

sexually abused him as a child. Accordingly, Liebel's current claim that he could not raise this information prior to his brother moving from the jurisdiction is false. Hence, his claim of governmental interference affords him no relief. Accordingly, his petition is patently untimely and the PCRA court correctly dismissed the petition without a hearing.

In his next claim, Liebel argues the PCRA court erred in failing to recuse and transfer the matter to another jurisdiction due to the "custody and influence of Bucks County Sheriff Donnelly." **See** Appellant's Brief at 11. We have already determined that the claim that the Bucks County Sheriff has been exerting improper influence and making threats against Liebel is belied by the record. Accordingly, it cannot be a reason to change venue.[3] Liebel is not entitled to relief on this issue.

Order affirmed. [4]

_____

[3] The Commonwealth maintains that the Bucks County Sheriff never acted improperly regarding this matter, and also asserts that Sheriff Donnelly is no longer the Bucks County Sheriff and, therefore, could no longer exert influence over this matter. The status of Sheriff Donnelly's employment is not in the official record and cannot be considered by our Court. According to the Bucks County Sheriff's Office webpage, Milton R. Warrell, III, is the current Bucks County Sheriff. However, we have no knowledge if Sheriff Donnelly is still affiliated with the Sheriff's Office in any way.

[4] We address a procedural anomaly in this matter not raised by Liebel. Liebel filed a counseled PCRA petition, the result of which reinstated certain direct appellate rights. Accordingly, the next PCRA petition filed by Liebel was technically his first PCRA petition, for which he was entitled to counsel. However, no counsel was appointed. The usual remedy in an instance where

Judge Nichols files a concurring statement in which Judge Ott joins.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/19

---

counsel was not appointed for a first PCRA petition is to remand for appointment of counsel and the possible filing of an amended first PCRA petition. This action can be taken *sua sponte* by an appellate court.

We have never seen an instance, such as is here, where counsel was not appointed and multiple subsequent petitions have been filed and ruled upon, some of which have proceeded to our Supreme Court. While we are mindful that Liebel was entitled to counsel for his first petition, we are uncertain that this Court has the current authority to essentially vacate all prior PCRA proceedings, including denials of review by our Supreme Court to reinstate Liebel's initial PCRA rights. We believe this remedy, if proper, is best left to the discretion of our Supreme Court.

We do not believe that an order of this Court for appointment of counsel for this, ninth, PCRA petition is authorized by rule or statute. Pa.R.Crim.P. 904(E), cited by the dissent, addresses the power of the PCRA court to appoint counsel in the interest of justice, not an appellate court. Further, we do not believe that such an action would act as a remedy for an error that occurred years ago.